IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **CARLOS QUINTANILLA ORTEZ,** <br>     **Petitioner,** | § <br> § <br> § <br> § | |
| v. | § | EP-25-CV-00743-DB |
| | § | |
| **MARY DE ANDA-YBARRA,** *Field Office Director of Enforcement and Removal Operations, El Paso Field Office, Immigration and Customs Enforcement, et al.*, <br>     **Respondents.** | § <br> § <br> § <br> § <br> § | |

## **ORDER**

On this day, the Court considered the above-captioned case. On December 26, 2025, Petitioner Carlos Quintanilla Ortez filed an "Petition for Writ of Habeas Corpus," ECF No. 1. Petitioner is detained at the ERO El Paso Camp East Montana Detention Center in El Paso, Texas. *Id.* at 2. He argues his detention is unlawful and asks the Court to order his release or a bond hearing. *Id.* at 11–12. He further asks the Court to prevent his transfer out of the state or out of the United States. *Id.* On December 30, 2025, this Court ordered that Respondents shall not (1) remove or deport Petitioner from the United States, or (2) transfer Petitioner from any facility outside the boundaries of the El Paso Division of the Western District of Texas, until the Court orders otherwise or this case is closed. ECF No. 2 at 3.

Petitioner entered the United States without inspection in 2005 and was apprehended on October 25, 2025, by DHS agents in New York. ECF No. 1 at 10–11. Petitioner is neither a flight risk nor a danger to the community. *Id.* at 10. He argues, among other things, that Respondents' new interpretation subjecting him to mandatory detention violates his due process rights because

he has a fundamental liberty interest in being free from official restraint and he is being deprived of an individualized hearing to justify his detention. *Id.* at 11.

Petitioner's case, as alleged, is materially indistinguishable from other cases in which this Court has found procedural due process violations. *See Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880 (W.D. Tex. Oct. 16, 2025). The Court previously noted it appears from the writ that it should be granted. *See* ECF No. 2. Nonetheless, this Court afforded Respondents three days to respond as to why it should not be, and directed that in so doing, "Respondents should avoid boilerplate arguments this Court has already rejected in one of many immigration habeas cases to date. Absent any new authority, Respondents can safely assume the Court's position on the law has not changed and explain why the facts of Petitioner's case warrant a different outcome." ECF No. 2 at 1–2.

Yet, in their response, ECF No. 3, filed on December 31, 2025, they fail to discuss *Vieira* or offer any meaningful reasons why this case warrants a different outcome. Instead, Respondents offer the same template arguments this Court has already rejected in *Vieira* and the Court's subsequent decisions. *Compare* Response, ECF No. 3 *with Rodriguez Cortina v. De Anda-Ybarra*, No. EP-25-CV-00523-DB, 2025 WL 3218682 (W.D. Tex. Nov. 18, 2025); *Zafra v. Noem*, No. EP-25-CV-00541-DB, 2025 WL 3239526 (W.D. Tex. Nov. 20, 2025); *Chinchilla v. De Anda-Ybarra*, No. EP-25-CV-00548-DB, 2025 WL 3268459 (W.D. Tex. Nov. 24, 2025); *Escobar – Arauz v. Noem*, No. EP-25-CV-00619-DB, 2025 WL 3543648 (W.D. Tex. Dec. 10, 2025); *Espinoza v. Noem*, No. EP-25-CV-00618-DB, 2025 WL 3543646 (W.D. Tex. Dec. 10, 2025); *Murzabaev v. Noem*, No. EP-25-CV-00647-DB, 2025 WL 3645181 (W.D. Tex. Dec. 16, 2025); *Garcia v. Noem*, No. EP-25-CV-00624-DB, 2025 WL 3645179 (W.D. Tex. Dec. 16, 2025); *Chavero v. Bondi*, No.

EP-25-CV-00638-DB, 2025 WL 3679768 (W.D. Tex. Dec. 18, 2025). The Court understands it is Respondents right to preserve their arguments for appeal. However, for the present purposes, they have made no new legal arguments nor any effort to distinguish the facts of this case. Accordingly, the same result is warranted in this case.

Accordingly, after careful consideration of the undisputed facts in this case as well as the legal conclusions made in *Vieira* and this Court's subsequent immigration habeas cases brought by petitioners subject to mandatory detention under the Government's new interpretation of 8 U.S.C. § 1225(b), **IT IS HEREBY ORDERED** Petitioner Carlos Quintanilla Ortez's "Petition for Writ of Habeas Corpus," ECF No. 1. is **GRANTED IN PART** on procedural due process grounds.

**IT IS FURTHER ORDERED** Respondents **SHALL PROVIDE** Petitioner with a bond hearing before an immigration judge at which the government shall bear the burden of justifying, by clear and convincing evidence, the dangerousness or flight risk for Petitioner's continued detention; or (2) release Petitioner from custody, under reasonable conditions of supervision, during the pendency of their removal proceedings **no later than January 9, 2026.**

**IT IS FURTHER ORDERED** Respondents **SHALL FILE** an advisory informing the Court when the bond hearing will be held in accordance with the preceding order **no later than January 8, 2026**.

**IT IS FINALLY ORDERED** Respondents **SHALL FILE** an advisory informing the Court, in detail, of the reasons for the IJ's bond hearing decision **no later than January 13, 2026.**

**SIGNED** this **6th** day of **January 2026**.

_____
**THE HONORABLE DAVID BRIONES**
**SENIOR UNITED STATES DISTRICT JUDGE**